**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Milton Brown, | No. CV-24-01760-PHX-GMS |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| Walmart Incorporated, et al., | |
| Defendants. | |

As the Court expressed on May 15, 2025—during the second time set for oral argument on Defendant's Motion for Summary Judgment—it orders Plaintiff's counsel Mr. Steven J. Jones (Arizona State Bar #031438) of the firm Morgan & Morgan Arizona PLLC ("Morgan & Morgan Arizona") to show cause as to why he should not be sanctioned and or disciplined for his apparent pattern of misconduct. (Doc. 59). This pattern, described in more detail below, includes Mr. Jones's repeated failure to appear at hearings, and failure to comply with the rules of practice for the District of Arizona—including upholding his duty of candor to this tribunal.

Below, this Order to Show Cause provides Mr. Jones with notice of (I) the conduct that may be appropriate for sanction and/or discipline; (II) the bases for such sanction or discipline; and (III) the sanction and/or discipline it may impose if, after an opportunity to be heard in a responsive memorandum and at a Show Cause hearing, Mr. Jones's showing is unsatisfactory.

**I.       Mr. Jones has engaged in a pattern of apparent misconduct.**

On April 13, 2026, the Court set oral argument on Defendant's Motion for Summary Judgment (Doc. 43) "for **May 8, 2026 at 1:30 p.m.**, in Courtroom 602, Sandra Day O'Connor U. S. Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003." (Doc. 56 at 1 (emphasis in original)).  Because the Court had concerns with the accuracy of one of the factual assertions made by Mr. Jones in his briefing, the Court explicitly directed the parties that it was

> most interested in the Plaintiff's use of a cropped and enlarged image in Plaintiff's Controverting Statement of Facts (Doc. 48 at 10) which counsel attributes to Defense Exhibit 7, page 2 (Doc. 44-7 at 2)—claiming that it depicts a pebble "in the area of the fall." (Doc. 47 at 11).  The image is cropped in a manner that eliminates objects relevant to identifying the image's source (*compare* Doc. 48 at 10, *with* Doc. 44-7 at 3).  It tentatively appears to the Court, however, that the appropriate source is Defense Exhibit 7, page 3, which depicts a different portion of the vestibule than the area of Plaintiff's fall.  (Doc. 44-7 at 3).  The Court wishes to discuss this with the parties and, if the Plaintiff has not accurately identified the source of the exhibit, the appropriate resulting action, if any, that should be taken by the Court.

(*Id.* at 1-2).  Mr. Jones was notified of this order through the Court's Notice of Electronic Filing system ("NEFs").  (Ex. 1).

On May 8, 2026, just minutes before the time set for Oral Argument, a paralegal for Mr. Jones called to notify the Court that Mr. Jones would not be appearing in person.  Mr. Jones called into the courtroom at approximately 1:46 pm—fifteen minutes after the set time for Oral Argument.  (Doc. 58).  Once he joined the hearing telephonically, Mr. Jones told the Court that he had been sick throughout the week with COVID and that when he "reviewed [his] calendar with the team" at Morgan & Morgan Arizona, his "impression" was that the hearing was "covered."  Though Mr. Jones stated that he would submit on the papers as to Defendant's Motion for Summary Judgment, Defense counsel asked the Court whether it would like to address the question it had flagged in the order setting oral argument regarding Mr. Jones's factual assertions.

Accordingly, the Court asked Mr. Jones whether he remembered that order and the issue it identified. Mr. Jones responded that he did not. With Mr. Jones's non-appearance for in-person oral arguments and unpreparedness to discuss the Court's questions, the Court determined that oral argument needed to be rescheduled. (Doc. 58). Before the Court could confer with the parties to confirm a date and time to reset the hearing, Mr. Jones may have ended his phone call to the courtroom. As relevant here, the Minute Entry for the day's hearing stated the following:

> This is the time set for Oral Argument on . . . Defendant's Motion for Summary Judgment. Due to plaintiff's counsel's unavailability to appear in person for today's proceedings, *Oral Argument is reset for 5/15/2026 at 10:30 AM* in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Senior Judge G Murray Snow.

(Doc. 58 (emphasis added)). At the least, Mr. Jones again received notice of this Minute Entry through NEFs. (Ex. 2).

On May 15, 2026, at 10:30 am—the time set for the second attempt at oral argument—Mr. Jones was again absent. (Doc. 59). The Court took a recess, advising Defendant's counsel that it would give Mr. Jones fifteen minutes to appear. (*Id.*). During recess, the Court's judicial assistant attempted to contact Mr. Jones. (*See* Ex. 3). Mr. Jones responded to the judicial assistant's inquiries about his absence by email, stating that he was "in a deposition on another matter. (Ex. 3 at 4). He claimed that he "never received a minute entry setting oral argument for" May 15. (*Id.*).

The Notice of Electronic Filing ("NEF") was sent to Mr. Jones at his email of record ("steven.jones@forthepeople.com"). (Ex. 2). This was the same email Mr. Jones used to exchange messages with the judicial assistant, through which he was able to respond "immediately." (*See* Ex. 3 at 4). After the judicial assistant provided the NEFs receipt for the minute entry from the first attempted hearing on May 8, 2026, Mr. Jones responded:

> I am unsure as to why I didn't receive this. I note my new paralegals are not included, and I will update pacer. I am sensitive to the history of this case and want you to know that *this is extremely unusual for me. I would never miss a hearing*, especially after the mistake last time.

(Ex. 3 at 2 (emphasis added)).

Despite this statement from Mr. Jones that he would "never miss a hearing," the Court was aware of facts that suggest this was not the first, nor second, nor third time in the District of Arizona that he has been subject to an order to show cause why sanctions should not be imposed against him for failure to appear, failure to comply with the Court's orders, and other professional misconduct.

First, in September 2025, Judge Liburdi issued an Order to Show Cause against Mr. Jones for "a pattern of misconduct" culminating in Mr. Jones's failure to appear at a deposition of one of plaintiff's experts (the "*Encarnacion* OSC"). *Encarnacion v. JB Hunt Transp., Inc.*, No. 2:24-cv-01384 (D. Ariz. June 10, 2024), ECF No. 63 at 1. Judge Liburdi set a deadline for Mr. Jones to file a responsive memorandum and scheduled a Show Cause hearing, asking Mr. Jones to address why he should not be required to pay the opposing party's costs and expenses for the missed deposition and why he should not be referred to the Arizona State Bar "for investigation and discipline." *Id.* at 2. Mr. Jones filed a responsive memorandum, in which he was "defiant," *Encarnacion*, ECF No. 87 at 9-10, and accused Judge Liburdi of "harassment, prejudice, or bias warranting disqualification," *Encarnacion*, ECF No. 65 at 3.

Moreover, when it came time for the Show Cause Hearing, Mr. Jones did not appear. *Encarnacion*, ECF No. 66. Judge Liburdi's staff called Morgan & Morgan Arizona's office to inquire about Mr. Jones's absence and were told that "Mr. Jones is . . . in something." *Encarnacion*, ECF No. 87 at 10. Following a prolonged recess, taken after Judge Liburdi consulted with opposing counsel, Mr. Jones arrived at the hearing approximately one hour after it was set to begin. *Id.* at 16-17.

When asked to explain his failures to appear, Mr. Jones blamed calendaring errors by his staff—which he also cited as the cause of his absence at the deposition. *Id.* at 24; *Encarnacion*, ECF No. 62 at 2. Specifically, Mr. Jones told Judge Liburdi:

> I've got a new paralegal who's in training. And I'm actually dispatching and discharging the paralegal that has made these . . . mistakes.

*Encarnacion*, ECF No. 87 at 24. Similarly, when asked about a lack of diligence in Morgan & Morgan Arizona's representation of plaintiff throughout the case, Mr. Jones blamed his co-counsel, Richard Adams and reported that Mr. Adams was no longer with the firm, having left "within the last . . . few months." *Id.* at 28. Mr. Jones claimed that "as the managing attorney" of Morgan & Morgan Arizona's office, he had "taken steps to address" the issues in the case. *Id.* at 29-30. Judge Liburdi discharged the Order to Show Cause without referring Mr. Jones to the Arizona State Bar but did require him to pay the opposing party's expenses associated with the missed deposition, associated motion practice, and the Order to Show Cause. *Encarnacion*, ECF No. 67 at 1.

Second, in another case before Judge Liburdi, Mr. Jones and another attorney from his firm failed to appear for a status conference. *Peters v. Kohl's Inc.*, No. 2:25-cv-03712 (D. Ariz. Oct. 7, 2025), ECF No. 16. Judge Liburdi issued an Order to Show Cause (the "*Peters* OSC"), citing the order setting the status conference, which required attorneys to appear in person, and the *Encarnacion* OSC, as a basis for requiring Mr. Jones to show cause why neither he nor Morgan & Morgan Arizona should be fined for failure to appear, why he should not be referred to the Arizona State Bar, and why he should not be held in contempt of court for failing to obey an order. *Peters*, ECF No. 15 at 1-2, 4. Finally, the *Peters* OSC required all counsel of record to appear for an in-person Show Cause hearing and stated that any counsel not present would be found in contempt of court and be subject to a bench warrant. *Id.* at 5.

In response to the *Peters* OSC, Mr. Jones "attempt[ed] to minimize" his "involvement in th[e] case" by claiming that he was "not counsel of record"—despite being an attorney of record. *Peters*, ECF No. 19 at 5; ECF No. 20. When Judge Liburdi reaffirmed the order that all counsel of record must be present for the Show Cause hearing, Mr. Jones filed a notice of his withdrawal from the case, in violation of the District's Local Rules. *Peters*, ECF No. 23; ECF No. 25 at 1-2. Prohibiting Mr. Jones from withdrawing, Judge Liburdi again reaffirmed the requirement that Mr. Jones had to appear in person for

the Show Cause hearing. *Peters*, ECF No. 25. at 2. Mr. Jones did appear at the hearing, and Judge Liburdi discharged the *Peters* OSC.

Finally, in a case before Judge Lanza, Mr. Jones[1] was ordered to show cause "why sanctions should not be assessed against him for failing to follow the Court's orders and for violating" Arizona's Rules of Professional Conduct (the "*Salazar* OSC"). *Salazar v. GEICO Cas. Co.*, No. 2:25-cv-01117 (D. Ariz. Apr. 3, 2025), ECF No. 20 at 3. Mr. Jones had failed to respond to multiple attempts by opposing counsel to contact him on issues regarding arbitration, discovery, and joint status reports that the court had ordered the parties to submit every six months. *Id.* at 1. Judge Lanza ordered Mr. Jones to file a responsive memorandum to the *Salazar* OSC by May 6, 2026. *Id.* at 3. On June 5, 2026, another attorney with Morgan & Morgan Arizona, Brent Sewell, entered his appearance in *Salazar*. *Salazar*, ECF 21. On the same day—thirty days after the May 6, 2026 deadline— Mr. Sewell filed a response to the *Salazar* OSC. *Salazar*, ECF 22.

In the response, Mr. Sewell addressed the discovery deficiencies in the underlying case and his own failure to respond to the OSC but did not address Mr. Jones's role in the case. *See id.* Mr. Sewell states that he was assigned to the case on March 11, 2026—after the *Salazar* defendants unilaterally filed the joint status report that prompted the OSC on March 6, 2026—and was only notified of his assignment to the case on March 30, 2026. *Id.* at 1; *Salazar*, ECF No. 19. Mr. Sewell does not state who assigned him the case or who provided late notice of that assignment. *See Salazar*, ECF 22. Even though Mr. Sewell was not assigned to the *Salazar* matter when the conduct underlying the OSC occurred, Mr. Sewell assumed the blame for counsel's deficiencies in the case thus far and reported that he had remedied or was in the process of remedying those deficiencies. *Id.* at 1-2, 4-5. Though Judge Lanza found that "the oversights that led to the issuance of the OSC . . . concerning," he discharged the OSC because Mr. Sewell's response rendered sanctions unnecessary for the *Salazar* parties to proceed. ECF 23.

Nonetheless, this Court notes that Mr. Jones—who was (a) counsel on the case when

---

[1] Mr. Jones's co-counsel was also subject to the order but has since disassociated from Morgan & Morgan Arizona. *Salazar*, ECF 20, 21.

the underlying misconduct occurred, (b) counsel of record when the OSC was entered, (c) specifically ordered to respond to the OSC, and (d) counsel of record when the May 6, 2026 deadline passed—has not explained his role in the initial misconduct or the substantial delay in response to the OSC despite his continued appearance as attorney of record. *See Salazar* ECF 20, 22. While Mr. Sewell's response satisfied the OSC for the purposes of the *Salazar* litigation, Mr. Jones's lack of response is relevant to this Court's consideration of the totality of his conduct in the District of Arizona.

Returning to the matter at hand, following the fifteen-minute recess to give Mr. Jones a chance to appear, the Court determined that oral argument would again need to be reset and that it would issue an Order to Show Cause to Mr. Jones as to why he should not be sanctioned, including the payment of Defendant's costs and expenses, and a possible discipline up to and including suspension of his right to practice in the District of Arizona and referral to the State Bar of Arizona. (Doc. 59).

The Court set oral argument—for the third time—for June 5, 2026 at 10:00 am, specifying that the hearing was to be held in person and asking the parties to review the order which set the initial time for oral argument (Doc. 56). (Doc. 62). Mr. Jones timely appeared at the June 5, 2026 oral argument, and acknowledged at the hearing that the photograph submitted did not come from the source identified in Plaintiff's Response and did not depict the area where the relevant fall had taken place.

## II.    Mr. Jones's conduct implicates various rules which govern his practice in the District of Arizona.

Mr. Jones's conduct implicates the Local Rules of Civil Procedure, the Arizona Supreme Court's Rules of Professional Conduct, the Federal Rules of Civil Procedure, and the Court's statutory and inherent powers to impose sanctions. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989) (describing district court's inherent and statutory authority to impose sanctions).

### A.    Local Rules of Civil Procedure

Any attorney appearing in the District of Arizona is bound by the District's Local Rules.  LRCiv 83.3(c)(1).  For example, under these rules, "[a]n attorney of record shall be deemed responsible as attorney of record in all matters before and after judgment . . . until there has been a formal withdrawal from or substitution in the case," and an attorney must file a notice with the court if their email changes.  LRCiv 83.3(a), (d).  When an attorney violates or does not comply with these Local Rules (or any of the rules of practice which they incorporate) or fails to appear or adequately prepare for a hearing, pretrial conference, or trial, the Court "upon its own initiative may impose appropriate sanctions" after giving "notice and a reasonable opportunity to be heard."  LRCiv 83.1(f)(1).  Sanctions may also be imposed against a supervising attorney or a law firm "if the Court finds that such supervising attorney or law firm had actual knowledge, or reason to know, of the offending behavior and failed to take corrective action."  *Id.*

These sanctions must be "just under the circumstances of the case," but can include orders imposing fines or costs (including attorneys' fees); establishing certain matters or facts in the underlying action; prohibiting the party from making claims, defenses, or introducing certain matters or facts in evidence in the underlying action; striking all or part of filings; or disbarring, suspending, or otherwise disciplining an attorney admitted to practice in the District, including by referring the attorney to relevant bar associations.  LRCiv 83.1(f)(2), 83.2(a).  As relevant here, "[a]ttorneys' fees may only be assessed for a violation of a Local Rule when the Court finds that the party, attorney, supervising attorney or law firm has acted in bad faith or has willfully disobeyed Court orders or rules."  LRCiv 83.1(f)(2)(F).

Finally, in civil cases, if "an attorney, party, supervising attorney or law firm has committed repeated serious violations without just cause," the Court may impose "more serious sanctions, including but not limited to, increased fines, fines plus attorneys' fees and costs, contempt, or the entry of judgment against the offending party on the entire

case." LRCiv 83.1(f)(3). "Judgment against the offending party will not be entered unless the Court also finds there are no other adequate sanctions available." *Id.*

### B.   Arizona Supreme Court's Rules of Professional Conduct

The Local Rules also incorporate the Arizona Supreme Court's Rules of Professional Conduct so that they apply to all "attorneys admitted or otherwise authorized to practice before" the District Court. LRCiv 83.2(e) (incorporating A.R.S. Ariz. Sup. Ct. R. 42[2]). As such, violations of Arizona's ethics rules may be disciplined under the Local Rules. LRCiv 83.1(f)(1)(A), (2)(F).

A lawyer can individually violate Arizona's Rules of Professional Conduct "or do so through the acts of another." ER 8.4(a). First, as an individual, the Rules of Professional conduct mandate that a lawyer act with competence in the representation of a client. ER 1.1. "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *Id.* Thoroughness and preparation "include[] inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners." *Id.* cmt. 5.[3]

Relatedly, a lawyer must advocate for their client with "a good faith basis in law and fact" when "bring[ing] or defend[ing] a proceeding, or assert[ing] or controvert[ing] an issue therein" to avoid making frivolous claims or contentions. ER 3.1. This does not require that the lawyer "fully substantiate[]" the facts underlying a client's claim before taking any action. *Id.* cmt. 2. "What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith and nonfrivolous arguments in support of their clients' positions." *Id.* While a lawyer may act without believing that their "client's position ultimately will . . . prevail," such action "is frivolous if the lawyer is unable . . . to make a nonfrivolous argument on the merits of [that] action." *Id.*

---

[2] Hereinafter, rules within Arizona's Rules of Professional Conduct are cited as "ER [#]."
[3] "The Comments accompanying each Rule explain[] and illustrate[] the meaning and purpose of the Rule. . . . The Comments are intended as guides to interpretation, but the text of each Rule is authoritative." A.R.S. Ariz. Sup. Ct. R. 42 Preamble.

Second, a lawyer must also represent their client with "reasonable diligence and promptness." ER 1.3. In doing so, the lawyer avoids "unreasonable delay" that "can cause a client needless anxiety[,] . . . undermine confidence in the lawyer's trustworthiness," or harm "the client's legal position." *Id.* cmt. 3. Lawyers have a similar duty to "make reasonable efforts to expedite litigation consistent with the interests of the client." ER 3.2. As such "delay should not be indulged merely for the convenience of the advocates," but may be justified where "a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay." *Id.* cmt. 1.

Third, and perhaps most relevant here, a lawyer must uphold their duty of candor towards the tribunal.[4] ER 3.3. Under ER 3.3(a), a lawyer violates this duty by knowingly (i) making—or failing to correct—a false statement of law or fact to the Court, or (ii) offering false evidence or failing to "take reasonable remedial measures"[5] upon learning that previously offered material evidence is false." ER 3.3(a)(1), (3). A lawyer's knowledge of the falsity of evidence "can be inferred from the circumstances." ER 3.3(a)(3) cmt. 8. A "lawyer cannot ignore an obvious falsehood," and "has an obligation to conduct a reasonable inquiry" into any evidence that the lawyer believes "has been materially altered or generated with an intent to deceive the court." *Id.* Similarly, if the lawyer makes "an assertion purporting to be on the lawyer's own knowledge," that assertion must be "true" or the lawyer must "believe[] it to be true on the basis of a reasonably diligent inquiry." ER 3.3(a) cmt. 3. ER 8.4(c) reinforces this point, stating professional misconduct includes a lawyer's "engage[ment] in conduct involving dishonesty, fraud, deceit or misrepresentation." ER 8.4(c).

As noted above, a lawyer may violate the Arizona Rules of Professional Conduct associated with "the acts of another." ER 8.4(a). For example, a lawyer with "managerial authority in a firm shall make reasonable efforts to ensure that the firm has in effect internal policies and procedures giving reasonable assurance that all lawyers and nonlawyers in the

---

[4] "'Tribunal' denotes a court, an arbitrator in an arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity." ER 1.0(l).

[5] If false evidence has been offered, reasonable remedial measures may include "disclosure to the tribunal." ER 3.3(a)(3).

firm conform to these Rules of Professional Conduct." ER 5.1(a), 5.3(a), (b). If a supervisory lawyer orders, ratifies, or fails to take reasonable remedial action to address specific misconduct by another lawyer or by a nonlawyer that violates the Rules of Professional Conduct, the supervisory lawyer may be personally responsible for the violation. ER 5.1(c), 5.3(c).

Finally, when assessing a lawyer's conduct to determine whether it constitutes professional misconduct, the Court may consider that "[a] pattern of repeated offenses, even one of minor significance when considered separately, can indicate indifference to legal obligation." ER 8.4 cmt. to 2002 amend.

### C.     Federal Rule of Civil Procedure 11

Under Rule 11(b)(3), any time an attorney "present[s] to the [C]ourt a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it,"[6] that attorney "certifies that to the best of" their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any "factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." An attorney violates Rule 11 by making factual representations to the Court that they know are not supported by evidence or by failing to make a reasonable inquiry into whether evidentiary support existed. Fed. R. Civ. P. 11(b).

Rule 11 also provides authorization for the Court to sanction "any attorney, law firm, or party that has violated" Rule 11(b) "or is responsible for such violation" after providing "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1), 11(c)(3). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Before imposing sanctions, the Court "may order an attorney, law firm, or party to show

---

[6] This language from the rule reflects its application to only those "assertions contained in papers filed with or submitted to the court" in the first instance. Fed. R. Civ. P. 11 advisory committee note to 1993 amend. It "does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not have been made if there had been more time for study and reflection." *Id.*

- 11 -

cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). After doing so, if the Court chooses to impose sanctions, such sanctions may include "nonmonetary directives[] [or] an order to pay penalty into court."[7] Fed. R. Civ. P. 11(c)(4). In such cases, the Court cannot impose a monetary sanction, "unless it issued the show-cause order . . . before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned." Fed. R. Civ. P. 11(b)(5)(B). In any case, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(b)(4).

### D.    Statutory & Inherent Powers

But "Rule 11 is not the exclusive source of control." Fed. R. Civ. P. 11 advisory committee's note to 1993 amend. For instance, under 28 U.S.C. § 1927, the Court is also authorized to require "any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute, and the Federal Rules of Civil Procedure, do not, however, "displace[]" the Court's inherent power, which is "both broader and narrower than other means of imposing sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

The inherent power is broader in that it "extends to a full range of litigation abuses" not captured by other statutes or rules. *Id.* at 46. Indeed, the power allows federal district courts "to fashion appropriate sanction[s] for conduct which abuses the judicial process" and provides "an alternative source of sanctioning power." *Gregory v. Montana*, 118 F.4th 1069, 1077 (9th Cir. 2024) (quoting *Chambers*, 501 U.S. at 44-45).

On the other hand, the power is narrower than other statues or rules because its use is generally limited "to cases in which a litigant has engaged in bad faith conduct or willful

---

[7] The Court cannot order payment to the opposing party "of part of all of the reasonable attorney's fees and other expenses directly resulting from the violation" unless the opposing party moved for such sanctions and payment would be "warranted for effective deterrence" from further Rule 11 violations. Fed. R. Civ. P. 11(c)(4).

disobedience of a court's orders." *Chambers*, 501 U.S. at 47.  Moreover, Congress may limit district courts' exercise of the power by "preclud[ing] invocation of a court's inherent authority" through the "clear mandate of a procedural rule" or statute.  *Gregory*, 118 F.4th at 1077, 1080; *Chambers*, 501 U.S. at 47, 51.  In other words, where Congress "forecloses reliance on inherent authority" for sanctions in response to conduct governed by a rule of procedure, sanctions may only be imposed per that rule.  *Gregory*, 118 F.4th at 1079-80 (discussing the advisory committee's note to the 2014 amendment to Rule 37(e), which specifically stated that "because the rule 'authorizes and specifies measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures,' the rule 'forecloses reliance on inherent authority or state law to determine when certain measures should be used.'" (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amend.)).  In the comments to Rule 11, the advisory committee counsels that even when a court exercises its inherent powers or other statutory powers to impose sanctions, award expenses, or direct remedies for misconduct, it should do so using the Rule's procedures—"notice, opportunity to respond, and findings."

### III.  Mr. Jones must show cause why he and Morgan & Morgan Arizona should not be sanctioned for a pattern of professional misconduct.

As an initial matter, because Mr. Jones is the managing attorney of his office of Morgan & Morgan Arizona, his misconduct and his knowledge (or constructive knowledge) of the misconduct of others is imputed to the firm.  LRCiv 83.1(f)(1); Fed. R. Civ. P. 11(c)(1).

Mr. Jones's acts, as described above, fall into four categories.  The first, and most straightforward category, are his failures to adhere to simple requirements of the Local Rules, such as ensuring that the NEFs were up-to-date with his contact information or that the Court and opposing party were informed when another lawyer from Morgan & Morgan

Arizona who had entered an appearance in the case had disassociated from the firm.[8] LRCiv 83.3(a), (d).

The second category captures conduct related to the Court's concerns in its initial order setting oral argument regarding the use of a cropped photograph and factual assertions regarding the location of a pebble. (*See* Doc. 56 at 1-2). The Court's initial order setting oral argument specifically required Mr. Jones to address what appeared to be a misstatement in his own briefing. (*Id.*) In response, Mr. Jones failed to appear at two consecutive oral arguments. At the third oral argument—when he finally appeared—he acknowledged that the representation about the source of the photo was false. This conduct may violate Rule 11 and ER 3.1, regardless of whether Mr. Jones acted intentionally or unintentionally. Even if the citation to the wrong source image and his contention that the pebble was in the area of the fall were made in error, it is not clear that a reasonable inquiry would not have revealed as much, such that he should have known that he did not have a good faith basis to make factual assertions that the pebble was near the area of Plaintiff's fall. If, however, Mr. Jones's misrepresentation was intentional—i.e., made with actual knowledge of its falsity—he also violated ER 3.3(a)(1) and 3.3(a)(3), for knowingly making a false statement of fact to the tribunal and knowingly presenting false evidence.

The third category of conduct relates to Mr. Jones's repeated failure to appear at the time set for oral argument on the motion for summary judgment in his client's case. "[F]ail[ing] to appear at, or be prepared for, a hearing . . . where proper notice has been given," is sanctionable under LRCiv 83.1(f)(1)(B) and likely violates ERs 1.1, 1.3, and 3.2. Mr. Jones received notice of the first two oral arguments (Exs. 1, 2). After a nonlawyer from Morgan & Morgan Arizona called—just minutes before the first oral argument was set to begin—to inform the Court that he would not be present, Mr. Jones briefly appeared telephonically. He called in approximately fifteen minutes after the time set and told the

---

[8] Mr. Jones's co-counsel, Mr. Richard Adams—who still appears as an attorney of record from Morgan & Morgan Arizona (Doc. 15)—disassociated from the firm on or before May 7, 2025. *Lille v. Auto-Owners Ins. Co.*, No. 2:25-cv-00659 (D. Ariz. Feb. 26, 2025) ECF No. 13 at 1. Over a year later, Mr. Jones has not made any mention to the Court in this matter of Mr. Adams's disassociation.

Court that he was not prepared and that he was not familiar with the content of the order that set the hearing.  He missed the second attempt at oral argument entirely.

The final category of conduct concerns Mr. Jones's explanations for his failure to appear at these hearings.  After missing the first time set for oral argument, Mr. Jones said that his staff had incorrectly calendared the OA, and that he thought it was "covered" by another attorney.  When he missed the second time set for oral argument, Mr. Jones claimed that he was in a deposition, had never received notice of the hearing, and, again, blamed issues with his staff for his failure to be present.  (Ex. 3 at 2); *cf. Encarnacion*, ECF No. 87 at 24.  He further claimed that his absence was "extremely unusual" and that he "would never miss a hearing."  (Ex. 3 at 2).  As noted above—and evidenced by the *Encarnacion* OSC and *Peters* OSC— this simply is not true.  When Mr. Jones finally appeared for oral argument on June 5, 2026, the Court asked Mr. Jones if he had ever missed another hearing. Mr. Jones first answered that he would "never intentionally, knowingly miss a hearing." When the Court asked for clarification, Mr. Jones admitted that he had missed other hearings because of "being sick."

Other statements that Mr. Jones has made throughout the proceedings in this matter—such as his statement that he did not know the subject matter of the order setting the first oral argument—suggest a lack of reasonable diligence at best and a lack of candor toward the tribunal at worst.

Even if Mr. Jones's statements were not knowingly false, he may have violated ERs 1.1 and 1.3, by failing to prove competent and diligent representation when missing these hearings, as described above.  Similarly, even if Mr. Jones's nonlawyer staff or other lawyers at Morgan & Morgan Arizona engaged in conduct that caused him to miss these hearings, as the managing partner of the office, he can be held individually accountable for their failings.  ER 5.1(c), 5.3(c).

This pattern of repeated offenses violates ER 8.4 (*see* ER 8.4 cmt. to 2002 amend.) and exposes Mr. Jones and Morgan & Morgan Arizona to enhanced sanctions under LRCiv 83.1(f)(3).

Accordingly, Mr. Jones must show cause as to why the Court should not subject him or his firm, Morgan & Morgan Arizona, to:

1. An order that Mr. Jones and Morgan & Morgan Arizona pay all of Defendant's costs and expenses—including attorneys' fees—incurred because of Mr. Jones' violations of the rules of practice in this District, multiplying proceedings unreasonably and vexatiously, and failures to appear at times set for hearings. LRCiv 83.1(f)(1), (f)(2)(B), (f)(2)(F); 28 U.S.C. § 1987.

2. Disbarment or suspension from practice in this District. LRCiv 83.1(f)(2)(F), 83.2(a); Fed. R. Civ. P. 11(b)(4).

3. Referral to the State Bar of Arizona for investigation and discipline under Arizona's Rules of Professional Conduct, including ERs 1.1, 1.3, 3.1, 3.2, 3.3, 5.1, 5.3, and 8.4. LRCiv 83.1(f)(2)(F); Fed. R. Civ. P. 11(b)(4).

4. A combination of the above sanctions or an increased severity of the above sanctions against Mr. Jones and Morgan & Morgan Arizona for repeated violations in a civil case. LRCiv 83.1(f)(3); ER 8.4 cmt to 2002 amend.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel Mr. Steven Jones shall show cause, in a memorandum filed by **July 16, 2026**, why the above sanctions should not be imposed against him and Morgan & Morgan Arizona LLC on the bases described above for his apparent pattern of misconduct.

**IT IS FURTHER ORDERED** that Plaintiff's counsel Mr. Steven Jones must appear for a Show Cause Hearing, in-person, on **July 24, 2026 at 1:30 p.m.** in Courtroom 602, Sandra Day O'Conor U. S. Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

Dated this 24th day of June, 2026.

G. Murray Snow
Senior United States District Judge

# EXHIBIT 1

```
MIME-Version:1.0
From:azddb_responses@azd.uscourts.gov
To:azddb_nefs@localhost.localdomain
Bcc:
--Case Participants: Richard Lloyd Adams (richardadams@forthepeople.com), Georgia Lily Hamann
(georgia.hamann@qpwblaw.com, michelle.riggert@qpwblaw.com, micherra.leyva@qpwblaw.com), Steve
J Jones (nklabanos@forthepeople.com, richardadams@forthepeople.com,
steven.jones@forthepeople.com), Senior Judge G Murray Snow (snow_chambers@azd.uscourts.gov,
vickie_guidas@azd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<28694474@azd.uscourts.gov>
Subject:Activity in Case 2:24-cv-01760-GMS Brown v. Walmart Incorporated et al Order Setting
Hearing on Motion
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**DISTRICT OF ARIZONA**

## Notice of Electronic Filing

The following transaction was entered on 4/13/2026 at 3:21 PM MST and filed on 4/13/2026
**Case Name:**        Brown v. Walmart Incorporated et al
**Case Number:**      2:24-cv-01760-GMS
**Filer:**
**Document Number:** 56

**Docket Text:**
**ORDER setting oral argument on Defendant Walmart Inc.'s Motion for Summary Judgment (Doc. [43]) for May 8, 2026 at 1:30 p.m., in Courtroom 602. See document for complete details. Signed by Senior Judge G Murray Snow on 4/13/2026. (KLG)**


**2:24-cv-01760-GMS Notice has been electronically mailed to:**

Georgia Lily Hamann     Georgia.hamann@qpwblaw.com, michelle.riggert@qpwblaw.com, micherra.leyva@qpwblaw.com

Steve J Jones     steven.jones@forthepeople.com, nklabanos@forthepeople.com, richardadams@forthepeople.com

Richard Lloyd Adams     richardadams@forthepeople.com

**2:24-cv-01760-GMS Notice will be sent by other means to those listed below if they are affected by this filing:**

The following document(s) are associated with this transaction:

2

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=4/13/2026] [FileNumber=28694472-0] [88a3b57be3c7c27a4874a1012c936132e4145b8c3b8927242c1a3f7ad832ca423d d558e4a161200ac2bdcf9c91e160cdae5898c9cea61d742e5a23d8e4bf6181]]

# EXHIBIT 2

```
MIME-Version:1.0
From:azddb_responses@azd.uscourts.gov
To:azddb_nefs@localhost.localdomain
Bcc:
--Case Participants: Richard Lloyd Adams (richardadams@forthepeople.com), Georgia Lily Hamann
(georgia.hamann@qpwblaw.com, michelle.riggert@qpwblaw.com, micherra.leyva@qpwblaw.com), Steve
J Jones (nklabanos@forthepeople.com, richardadams@forthepeople.com,
steven.jones@forthepeople.com), Senior Judge G Murray Snow (snow_chambers@azd.uscourts.gov,
vickie_guidas@azd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<28814804@azd.uscourts.gov>
Subject:Activity in Case 2:24-cv-01760-GMS Brown v. Walmart Incorporated et al Status
Conference
```
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### DISTRICT OF ARIZONA

## Notice of Electronic Filing

The following transaction was entered on 5/8/2026 at 3:20 PM MST and filed on 5/8/2026
**Case Name:**          Brown v. Walmart Incorporated et al
**Case Number:**        2:24-cv-01760-GMS
**Filer:**
**Document Number:** 58(No document attached)

**Docket Text:**
**MINUTE ENTRY for proceedings held on 5/8/2026 before Senior Judge G Murray Snow: This is the time set for Oral Argument on [43] Defendant's Motion for Summary Judgment. Due to plaintiff's counsel's unavailaity to appear in person for today's proceedings, Oral Argument is reset for 5/15/2026 at 10:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Senior Judge G Murray Snow.**

**APPEARANCES: Telephonic appearance by Steve Jones for Plaintiff. Georgia Hamann for Defendant. (Court Reporter Cathy Taylor.) Hearing held 1:46 PM to 1:52 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ)**

**2:24-cv-01760-GMS Notice has been electronically mailed to:**

Georgia Lily Hamann     Georgia.hamann@qpwblaw.com, michelle.riggert@qpwblaw.com, micherra.leyva@qpwblaw.com

Steve J Jones     steven.jones@forthepeople.com, nklabanos@forthepeople.com, richardadams@forthepeople.com

Richard Lloyd Adams    richardadams@forthepeople.com

**2:24-cv-01760-GMS Notice will be sent by other means to those listed below if they are affected by this filing:**

# EXHIBIT 3

| | |
|---|---|
| **From:** | Steven J. Jones |
| **To:** | Vickie Guidas |
| **Cc:** | Richard Adams; Nicole Klabanos; Nicholas Roberts; Mandy Tieman; AZminutes; Steven J. Jones |
| **Subject:** | Re: URGENT - Oral Argument set for 10:30 a.m. THIS morning re: Brown v. Walmart, Inc. |
| **Date:** | Friday, May 15, 2026 10:50:02 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | mmlogo_4d481f35-1840-4531-86f0-09098b1154be.png |

**CAUTION - EXTERNAL:**

Ms. Guidas,

I am unsure as to why I didn't receive this. I note my new paralegals are not included, and I will update pacer. I am sensitive to the history of this case and want you to know that this is extremely unusual for me. I would never miss a hearing, especially after the mistake last time.

Would the judge like me to cancel the deposition and come to the courthouse? Appear telephonically? I will do whatever the judge wishes. We are willing to rest on the papers. Please send everyone my apologies.

## Steven J. Jones
**West Coast Trial Partner**

**T:** (602) 627-2322
**F:** (602) 627-2213

2355 East Camelback Road, Suite 335,
Phoenix, AZ 85016
Licensed in Arizona and New York



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

**From:** Vickie Guidas <vickie_guidas@azd.uscourts.gov>

**Date:** Friday, May 15, 2026 at 10:42 AM

**To:** Steven J. Jones <steven.jones@forthepeople.com>

**Cc:** Richard Adams <richardadams@forthepeople.com>; Nicole Klabanos <nklabanos@forthepeople.com>

**Subject:** RE: URGENT - Oral Argument set for 10:30 a.m. THIS morning re: Brown v. Walmart, Inc.

Here is a copy of the NEF for the Minute entry:  Your office is cced on the NEFs

## DISTRICT OF ARIZONA

## Notice of Electronic Filing

The following transaction was entered on 5/8/2026 at 3:20 PM MST and filed on 5/8/2026

**Case Name:** Brown v. Walmart Incorporated et al

**Case Number:** 2:24-cv-01760-GMS

**Filer:**

**Document Number:** 58(No document attached)

**Docket Text:**

**MINUTE ENTRY for proceedings held on 5/8/2026 before Senior Judge G Murray Snow: This is the time set for Oral Argument on [43] Defendant's Motion for Summary Judgment. Due to plaintiff's counsel's unavailability to appear in person for today's proceedings, Oral Argument is reset for 5/15/2026 at 10:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Senior Judge G Murray Snow.**

**APPEARANCES: Telephonic appearance by Steve Jones for Plaintiff. Georgia Hamann for Defendant. (Court Reporter Cathy Taylor.) Hearing held 1:46 PM to 1:52 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ)**

**2:24-cv-01760-GMS Notice has been electronically mailed to:**

Georgia Lily Hamann    Georgia.hamann@qpwblaw.com, michelle.riggert@qpwblaw.com, micherra.leyva@qpwblaw.com

Steve J Jones    steven.jones@forthepeople.com, nklabanos@forthepeople.com, richardadams@forthepeople.com

Richard Lloyd Adams    richardadams@forthepeople.com

**2:24-cv-01760-GMS Notice will be sent by other means to those listed below if they are affected by this filing:**

*Vickie Guidas*

JUDICIAL ASSISTANT TO SENIOR U. S. DISTRICT JUDGE G. MURRAY SNOW

U. S. DISTRICT COURT, DISTRICT OF ARIZONA

3



401 W. WASHINGTON ST., SUITE 622, SPC 80
PHOENIX, AZ 85003-2154
(602) 322-7507

**From:** Steven J. Jones <steven.jones@forthepeople.com>
**Sent:** Friday, May 15, 2026 10:40 AM
**To:** Vickie Guidas <vickie_guidas@azd.uscourts.gov>
**Cc:** Richard Adams <richardadams@forthepeople.com>; Nicole Klabanos <nklabanos@forthepeople.com>
**Subject:** Re: URGENT - Oral Argument set for 10:30 a.m. THIS morning re: Brown v. Walmart, Inc.

CAUTION - EXTERNAL:

Vickie - I am in a deposition on another matter, but wanted to respond immediately. I never received a minute entry setting oral argument for today. My staff is confirming this and calling you now.

### Steven J. Jones

**West Coast Trial Partner**

**T:** (602) 627-2322
**F:** (602) 627-2213

2355 East Camelback Road, Suite 335,
Phoenix, AZ 85016
Licensed in Arizona and New York



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

**From:** Vickie Guidas <vickie_guidas@azd.uscourts.gov>

**Sent:** Friday, May 15, 2026 10:36:39 AM
**To:** Steven J. Jones <steven.jones@forthepeople.com>
**Cc:** Richard Adams <richardadams@forthepeople.com>; Nicole Klabanos <nklabanos@forthepeople.com>
**Subject:** URGENT - Oral Argument set for 10:30 a.m. THIS morning re: Brown v. Walmart, Inc.

Some people who received this message don't often get email from vickie_guidas@azd.uscourts.gov. Learn why this is important

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Mr. Jones:

The oral argument in the subject case was reset from last Friday when you were unavailable to appear to today at 10:30 a.m. A minute entry was issued the same date that reflected the new date and time. No one is here on behalf of your client.

Judge Snow took the bench and is giving 15 minutes from 10:30 a.m. and will retake the bench.

Someone please communicate with the Court ASAP.



*Vickie Guidas*

JUDICIAL ASSISTANT TO SENIOR U. S. DISTRICT JUDGE G. MURRAY SNOW
U. S. DISTRICT COURT, DISTRICT OF ARIZONA
401 W. WASHINGTON ST., SUITE 622, SPC 80
PHOENIX, AZ 85003-2154
(602) 322-7507

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.